IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL GORDON

    Plaintiff,

v.

INFINITECH AUTO SERVICE, LLC d/b/a
GREATER CHICAGO MOTORS

    Defendant.

19 CV 7854

Jury Demand

## COMPLAINT

NOW COMES Plaintiff MICHAEL GORDON, by and through his attorney, JONATHAN LUBIN, and Complains of INFINITECH AUTO SERVICES, LLC, d/b/a GREATER CHICAGO MOTORS, stating:

1. This is a civil action brought pursuant to 49 U.S.C. § 32701 *et seq*, Illinois statutes, and common law.

### Parties

2. Infinitech Auto Service, LLC is a limited liability company located at 2321 N. Wolcott, Chicago, IL, which does business as Greater Chicago Motors ("GCM").

3. Michael Gordon is an individual who purchased an automobile at GCM.

### Jurisdiction and Venue

4. This Court has jurisdiction over the matters alleged herein under federal law pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over state law matters pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) because Defendant is located in the Northern District of Illinois and a significant number of the events complained of occurred in the Northern District of Illinois.

### Facts Common to All Counts

6. In September, 2016, Gordon purchased a car from GCM.

7. When he purchased the automobile, he received – among other documents – an odometer disclosure stating that the automobile's correct mileage was 21,180.

8. Gordon based his decision to purchase the vehicle partly on the low mileage, and partly on the fact that the car was still within the BMW warranty (which was a function of the low mileage).

9. After returning the automobile home, he brought it to a service technician and there discovered that the automobile had service work performed in Miami, Florida in October, 2013, and that it had a recorded mileage of 26,151, and then again in July, 2014, and that it had a mileage of 34,538.

10. GCM did repair work on the vehicle and therefore must have been aware of the discrepancy in the odometer.

11. Gordon paid almost $30,000 for the vehicle. He would not have purchased it had he realized that the odometer had been tampered with.

12. In January, 2018, Plaintiff filed this matter before the Better Business Bureau's arbitration division pursuant to an arbitration agreement between the parties.

13. On January 22, 2018, Sam Abbas, the proprietor of Defendant, responded by e-mail to the notification of the arbitration. In the ensuing discussion, he stated his intention to hire an attorney.

14. Counsel for Defendant contacted Plaintiff's counsel in the ensuing weeks, and the parties began to discuss settlement. Ultimately, they were unable to come to any agreement. By July, 2018, it was clear that the matter would not be settled. Counsel for Plaintiff then asked that dates be set for an arbitration several times, in July 2018 and again in August, 2018.

15. The Better Business Bureau contact/coordinator initially responded asking for dates that worked for both parties, but it was unclear whether said dates were for an arbitration or for assignment to an arbitrator so that a discovery schedule could be set. In September, 2018, counsel for Plaintiff asked the coordinator to set dates for discovery.

16. In November, the coordinator finally got back to counsel for Plaintiff about a potential discovery schedule. In that e-mail, the coordinator stated that Defendant had not yet paid the appearance fee of $100 that is required before arbitration can proceed.

17. By February 25, 2019, Defendant had not yet paid the $100 fee.

18. By May, 2019, the Better Business Bureau still had not found an arbitrator for the case.

19. In June, 2019, though no arbitrator had been identified, the Better Business Bureau contact explained to the parties that they can begin sending written discovery to one another.

20. On July 2, 2019, Plaintiff sent interrogatories and requests to produce to Defendant.

21. On July 30, 2019, Plaintiff inquired as to when Defendant would answer discovery requests. This e-mail was not responded to at all. Plaintiff then sent e-mails on August 15, 2019 and August 30, 2019, regarding the outstanding discovery. These e-mails were not responded to at all.

22. On August 15, 2019, a contact from the Better Business Bureau stated that an arbitrator had been selected, and though a name was supplied, no contact information was offered whatsoever.

23. On September 16, 2019, Plaintiff sent a Motion to Compel to all parties and to the coordinator with the Better Business Bureau. There was no response to that Motion from either Defendants or from the Better Business Bureau.

24. Defendant has not participated in discovery in any way, either by responding to written requests or by propounding written requests.

25. It is clear that Defendants have simply refused to arbitrate, and that the Better Business Bureau has abdicated whatever responsibility it may have had to forward this matter to a conclusion.

### Count I - 49 U.S.C. § 32701

26. Federal Statutes require the disclosure of the correct mileage to purchasers of vehicles.

27. GCM did not properly disclose the correct mileage, but rather hid the correct mileage.

28. Federal Statues entitled Gordon to three times the actual damages he suffered, or $10,000, whichever is greater, plus costs and reasonable attorney's fees.

### Count II - 625 ILCS 5/3-112.1

29. State statutes similarly require the disclosure of the correct mileage to purchasers of vehicles.

30. GCM did not properly disclose the correct mileage, but rather hid the correct mileage.

31. State statutes entitle Gordon to three times the actual damages suffered, plus reasonable attorney's fees.

### Count III – 815 ILCS 505
### Illinois Consumer Fraud Act

32. The fraudulent disclosures similarly violated the Illinois Consumer Fraud Act.

### Count IV – Common Law Fraud

33. The disclosures were fraudulent, made with the intent to deceive Gordon, and caused damages to him.

WHEREFORE, Michael Gordon hereby requests that Infinitech Auto Service, LLC d/b/a Greater Chicago Motors be required to pay an amount equivalent to three times the damages caused to him due to GCM's fraudulent behavior, plus costs and reasonable attorney's fees.

s/Jonathan Lubin
Attorney for Plaintiff
Jonathan Lubin
8800 Bronx Ave.
Suite 100H
Skokie, IL 60077
773 954 2608
jonathan@lubinlegal.com

Plaintiff Demands Trial by Jury